## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | | |
|---|---|---|
| AMEGY BANK NATIONAL ASSOCIATION | * | |
|   *d/b/a* AMEGY BANK BUSINESS CREDIT | | |
| 4400 POST OAK PARKWAY | * | |
| HOUSTON, TEXAS 77027 | | |
| | * | |
| V. | | CASE NO. _____ |
| | * | |
| MORRIS | SCHNEIDER | WITTSTADT, LLC, | | |
| 9409 PHILADELPHIA ROAD | * | |
| BALTIMORE, MARYLAND 21237 | | |
| | * | |
|     SERVE ON ITS RESIDENT AGENT: | | |
|     MARK H. WITTSTADT, | * | |
|     9409 PHILADELPHIA ROAD | | |
|     BALTIMORE, MARYLAND 21237 | * | |
| | | |
| MSWLAW, INC., | * | |
| 120 INTERSTATE NORTH PKWY SE | | |
| SUITE 110 | * | |
| ATLANTA, GA 30339 | | |
| | * | |
|     SERVE ON ITS REGISTERED AGENT: | | |
|     BURKE B. JOHNSON | * | |
|     1570 WARSAW ROAD | | |
|     ROSWELL, GA 30376 | * | |
| | | |
| MARK H. WITTSTADT, | * | |
| 9409 PHILADELPHIA ROAD | | |
| BALTIMORE, MARYLAND 21237 | * | |
| | | |
| GERARD WM. WITTSTADT, | * | |
| 9409 PHILADELPHIA ROAD | | |
| BALTIMORE, MARYLAND 21237 | * | |
| | | |
| AND | * | |
| | | |
| LEE JONES, | * | |
| 1389 PRESTIGE VALLEY DR. | | |
| MARIETTA, GA 30062 | * | |
| | | |
|     DEFENDANTS. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>COMPLAINT</u>

Amegy Bank National Association *d/b/a* Amegy Bank Business Credit ("Amegy Bank"),

by its attorneys Andrew L. Cole and LeClairRyan, sues defendants Morris | Schneider |

Wittstadt, LLC ("MSW"), MSWLAW, Inc. ("MSWLAW"), Mark H. Wittstadt, Gerard Wm.

Wittstadt, Jr., and Lee Jones, and for its causes of action states as follows:

<u>PARTIES</u>

1.      Amegy Bank is a national banking association with its principal place of business

in Houston, Texas.

2.      Mark H. Wittstadt is an individual who, upon information and belief, resides

and/or regularly conducts business in Baltimore County, Maryland.

3.      Gerard Wm. Wittstadt, Jr. is an individual who, upon information and belief,

resides and/or regularly conducts business in Baltimore County, Maryland.

4.      Lee Jones is an individual who, upon information and belief, resides and regularly

conducts business in the State of Georgia, but is employed by MSW, and in the regular course of

his business accesses data and computers remotely that are situated in the State of Maryland.

5.      MSW is a limited liability company organized under the laws of the State of

Georgia, registered to do business in the State of Maryland, with its principal place of business in

the State of Maryland located in Baltimore County, Maryland.  Upon information and belief, the

sole member of MSW is defendant MSWLAW, a citizen of the State of Georgia.

6.      MSWLAW is a corporation organized under the laws of the State of Georgia;

upon information and belief, MSWLAW is a holding company with no operations and maintains

its principal place of business in the State of Georgia.

**JURISDICTION AND VENUE**

7.      This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the plaintiff and each defendant, and the amount in controversy exceeds $75,000.00.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this district, a substantial part of the property that is the subject of this action is situated in this district, and all defendants but one are residents of this district.

**FACTS COMMON TO ALL COUNTS**

9.      Plaintiff Amegy Bank is a national banking association with its principal place of business in Houston, Texas.

10.      Butler & Hosch, P.A. ("B&H") was a law firm with a nationwide foreclosure and debt collection practice representing clients in the mortgage industry.

11.      B&H and others (the "Sellers") entered into a Purchase and Sale/Security Agreement ("PSA") with Amegy Bank in 2011, setting forth the terms and mechanism by which Amegy Bank would purchase certain of the Sellers' existing and future accounts receivable and other rights (the "Accounts").  A copy of the PSA is attached hereto as Exhibit 1 and incorporated as though fully set forth herein.

12.      Under the PSA, the Sellers periodically provided schedules of their Accounts to Amegy Bank, and Amegy Bank purchased certain of the scheduled Accounts from the Sellers on the terms set forth in the PSA.

13.      To secure certain recourse and indemnity obligations of B&H to Amegy Bank pursuant to the PSA, B&H granted Amegy Bank a security interest in all of its assets.

14.     Amegy Bank perfected its security interest in B&H assets by filing UCC-1 financing statements in the appropriate recording offices.  Copies of the UCC-1 financing statements filed by Amegy Bank are attached hereto collectively as Exhibit 2.

15.     Amegy Bank purchased millions of dollars of B&H Accounts during the term of the PSA.

16.     Prior to January 28, 2015, MSW was a law firm with a foreclosure, bankruptcy and eviction practice for clients in the mortgage industry (the "MSW Foreclosure Business"), similar to the business conducted by B&H.  MSW also operated a title company and provided associated settlement and closing related services (the "MSW Title Business").

17.     B&H and defendants MSW, MSWLAW, Mark H. Wittstadt and Gerard Wm. Wittstadt, Jr. entered into an Asset Purchase Agreement with an effective date of January 28, 2015 (the "Asset Purchase Agreement") whereby B&H purchased all assets belonging to MSW and MSWLAW used in the MSW Foreclosure Business, and undertook to employ all MSW employees involved in the MSW Foreclosure Business.  A copy of the Asset Purchase Agreement is attached hereto as Exhibit 3 and incorporated as though fully set forth herein.

18.     The Asset Purchase Agreement expressly included all work in progress relating to the MSW Foreclosure Business, but excluded any assets used in the MSW Title Business, as well as MSW's accounts receivable existing as of the close of business on January 30, 2015.

19.     B&H and MSW entered into a Shared Services and Transition Agreement dated January 31, 2015 (the "Shared Services Agreement"), pursuant to which B&H contracted for MSW to bill and collect for work performed in connection with the MSW Foreclosure Business, and to remit the same to B&H.  A copy of the Shared Services Agreement is attached hereto as Exhibit 4 and incorporated as though set forth herein.

20.     In the Shared Services Agreement MSW explicitly acknowledged B&H's ownership of fees generated from the MSW Foreclosure Business.

21.     B&H owned and operated (or caused to be operated) the MSW Foreclosure Business from January 28, 2015 until B&H ceased operations in May of 2015, using the employees and assets acquired from MSW.

22.     B&H sold all of its Accounts, including those generated in connection with the MSW Foreclosure Business, to Amegy Bank, continuing through April 22, 2015.

23.     Contemporaneously with its cessation of operations in May of 2015, B&H made an assignment for the benefit of creditors under Florida law, which is functionally equivalent to liquidation through a Chapter 7 bankruptcy proceeding.

24.     MSW is in possession of proceeds which it has received and continues to receive from Accounts related to B&H, including the MSW Foreclosure Business, and arising between January 31, 2015 and April 22, 2015, which Accounts were sold to Amegy Bank (the "Sold Proceeds").

25.     MSW is also in possession of proceeds which it has received and continues to receive from Accounts generated in connection with B&H, including the MSW Foreclosure Business, and arising after April 22, 2015, which Accounts were not purchased by Amegy Bank, but in which Amegy Bank has a first priority perfected security interest (the "Pledged Proceeds").

26.     Upon information and belief, Defendants have segregated and are holding some or all of the Sold Proceeds and Pledged Proceeds in identifiable accounts.

27.     Amegy Bank has demanded that the Defendants turn over the Sold Proceeds and Pledged Proceeds however to date the Defendants have refused.

28.     One or more of the Defendants has possession of certain books and records (including electronic records) and computer hardware and software relating to such books and records, relating to the MSW Foreclosure Business and sold to B&H pursuant to the Asset Purchase Agreement (collectively the "Books and Records").

29.     Upon information and belief, the Books and Records contain information related to B&H work in progress pledged as security to Amegy Bank, information which may not exist elsewhere.

30.     Amegy Bank has a security interest in the Books and Records pursuant to the PSA, entitling Amegy Bank to immediate possession thereof.  Furthermore, the Books and Records contain information regarding the Sold Proceeds and Pledged Proceeds, as well as Accounts which were sold and pledged to Amegy Bank, and work in progress pledged to Amegy Bank, information to which Amegy Bank is contractually entitled pursuant to Sections 1, 5, 11, 16 & 23 of the PSA.

31.     Amegy Bank has demanded that the Defendants turn over the Books and Records, however Defendants have not turned over all of the Books and Records.

32.     B&H is in default of its obligations to Amegy Bank pursuant to the PSA.

33.     B&H owes Amegy Bank roughly $17 Millions, and Amegy Bank has the present right to take possession of and realize on its collateral pursuant to the PSA and pursuant to the Uniform Commercial Code to satisfy the obligations of B&H to Amegy Bank.

## COUNT I
### DECLARATORY JUDGMENT REGARDING THE
### PARTIES RESPECTIVE RIGHTS IN PROPERTY

34.     Amegy Bank incorporates the allegations in Paragraphs 1 through 33 as though fully set forth herein.

35.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a case of actual controversy between the parties.

36.     Amegy Bank claims ownership of the Sold Proceeds.

37.     Amegy Bank claims a valid, perfected, first priority security interest in the Pledged Proceeds, all Accounts, all work in progress relating to B&H and the MSW Foreclosure Business, and in the Books and Records.

38.     Amegy Bank claims a right to immediate possession of the Sold Proceeds, the Pledged Proceeds and the Books and Records, as well as the right to collect all B&H Accounts.

39.     Upon information and belief, Defendants dispute Amegy Bank's rights in the foregoing property, as evidenced by their refusal to turn over the same to Amegy Bank despite demand.

**WHEREFORE**, Amegy Bank National Association respectfully requests that the Court enter an Order:

a.   Determining and adjudicating the rights of the parties with respect to the Sold Proceeds, the Pledged Proceeds, the B&H Accounts, the Books and Records, and any B&H work in progress, including work in progress arising in connection with the MSW Foreclosure Business;

b.   Directing the Defendants to account for the foregoing, and entering judgment in favor of Amegy Bank and against each of the Defendants in such amounts as may be determined due and owing; and

c.   Awarding Amegy Bank costs of these proceedings and attorneys' fees; and

d.   Granting such other and further relief as is appropriate under the circumstances.

### COUNT II
### REPLEVIN AND DETINUE OF SOLD PROCEEDS AND PLEDGED PROCEEDS
### (AS TO ALL DEFENDANTS OTHER THAN JONES)

40.    Amegy Bank incorporates the allegations in Paragraphs 1 through 33 as though fully set forth herein.

41.    One or more of the Defendants other than Lee possesses some or all of the Sold Proceeds and the Pledged Proceeds.

42.    Upon information and belief, some or all of the Sold Proceeds and Pledged Proceeds are specifically identifiable (the "Existing Proceeds").

43.    The Existing Proceeds are either proceeds of Accounts owned by Amegy Bank, or proceeds of collateral pledged to Amegy Bank.

44.    None of the Defendants has any interest in the Existing Proceeds other than bare possession.

45.    Amegy Bank has a right to possess the Existing Proceeds superior to that of any of the Defendants.

46.    Amegy Bank demanded that the Defendants turn over the Existing Proceeds, however the Defendants refused.

47.    Defendants' retention of the Existing Proceeds in derogation of Amegy Bank's rights is intentional and without justification.

48.    Upon information and belief, the Existing Proceeds have a value of at least $1.2 Million Dollars, and the value of the Existing Proceeds increases as MSH continues to collect Sold Proceeds and Pledged Proceeds.

**WHEREFORE**, Plaintiff Amegy Bank National Association respectfully requests that the Court enter an Order:

a.   Scheduling a preliminary hearing at which to determine Amegy Bank's right to possession of the Existing Proceeds;

b.   Issue a notice:

    i.   Indicating the time within which such notice must be served upon the Defendants;

    ii.   Advising the Defendants that before trial on the merits, a preliminary hearing will be held to determine the right to possession before judgment, provided such notice is served within the proscribed time;

    iii.   Setting forth the date and time of the preliminary hearing, which may not be less than seven days after the date by which such notice must be served;

    iv.   Advising the Defendants of the right to appear and present evidence at such preliminary hearing;

    v.   Warning the Defendants that the court may grant Amegy Bank's request for possession before judgment and direct the United States Marshal to place Amegy Bank in possession of the B&H Collected Proceeds unless the Defendants appear personally at the preliminary hearing and show cause why the B&H Collected Proceeds should not be immediately turned over to Amegy Bank.

c. Directing the issuance of a writ of replevin directing the United States Marshal to take possession of the Existing Proceeds and place them in the possession of Amegy Bank;

d. Granting a final judgment for possession in favor of Amegy Bank and against the Defendants for the Existing Proceeds; and

e. Granting such other and further relief as is appropriate under the circumstances.

## COUNT III
### REPLEVIN AND DETINUE OF BOOKS AND RECORDS

49.     Amegy Bank incorporates the allegations in Paragraphs 1 through 33 as though fully set forth herein.

50.     One or more of the Defendants possesses the Books and Records, which includes both electronic information as well as computer hardware on which such information is stored and may be accessed.

51.     The Books and Records are pledged to Amegy Bank as collateral for B&H's obligations pursuant to the PSA.

52.     MSH has no interest in the Books and Records other than bare possession.

53.     Amegy Bank has an immediate right to possess the Books and Records superior to that of any of the Defendants as a result of the default of B&H pursuant to the PSA.

54.     Amegy Bank demanded that the Defendants turn over the Books and Records, however the Defendants refused.

55.     Defendants' retention of the Books and Records is intentional and without justification.

56.     Upon information and belief, the specific value of the Books and Records is unknown and beyond the purview of Amegy Bank.

**WHEREFORE**, Plaintiff Amegy Bank National Association respectfully requests that the Court enter an Order:

a. Scheduling a preliminary hearing at which to determine Amegy Bank's provision right to possession of the Books and Records;

b. Issue a notice:

   a. Indicating the time within which such notice must be served upon the Defendants;

   b. Advising the Defendants that before trial on the merits, a preliminary hearing will be held to determine the right to possession before judgment, provided such notice is served within the proscribed time;

   c. Setting forth the date and time of the preliminary hearing, which may not be less than seven days after the date by which such notice must be served;

   d. Advising the Defendants of the right to appear and present evidence at such preliminary hearing;

   e. Warning the Defendants that the court may grant Amegy Bank's request for possession before judgment and direct the United States Marshal to place Amegy Bank in possession of the Books and Records unless the Defendants appear personally at the preliminary hearing and show cause why the Books and Records should not be immediately turned over to Amegy Bank.

c. Directing the issuance of a writ of replevin directing the United States Marshal to take possession of the Books and Records and place them in the possession of Amegy Bank;

    d.   Granting a final judgment for possession in favor of Amegy Bank and against the

        Defendants for the Books and Records; and

    e.   Granting such other and further relief as is appropriate under the circumstances.

**COUNT IV**
**CONVERSION OF PROCEEDS**
**(AGAINST ALL DEFENDANTS OTHER THAN JONES)**

57.    Amegy Bank incorporates the allegations in Paragraphs 1 through 33 as though fully set forth herein.

58.    The Defendants other than Jones have received the Sold Proceeds and the Pledged Proceeds.

59.    The Sold Proceeds and Pledged Proceeds are proceeds of Accounts owned by Amegy Bank, or proceeds of collateral pledged by B&H to Amegy Bank as security for its obligations pursuant to the PSA, respectively.

60.    MSH has never had any interest in the Sold Proceeds or the Pledged Proceeds other than bare possession.

61.    Notwithstanding their lack of rights in the Sold Proceeds and Pledged Proceeds, the Defendants other than Jones have taken possession of, and refused to return despite demand, and upon information and belief, converted some or all of the same for their own use;

62.    The Defendants' other than Jones retention of the Sold Proceeds and Pledged Proceeds is intentional and without justification.

63.    Upon information and belief, the Sold Proceeds and Pledged Proceeds have a value of at least $1.2 Million Dollars.

**WHEREFORE**, Plaintiff Amegy Bank National Association respectfully requests that the Court enter an Order:

12

a.  Granting judgment in its favor and against each of the Defendants, other than Jones, jointly and severally, for the value of the Sold Proceeds and Pledged Proceeds in the amount of One Million Two Hundred Thousand Dollars ($1,200,000), or such other amount as may be proven at trial, together with pre-judgment interest, costs of this action, attorneys' fees and post-judgment interest at the legal rate; and

b.  Granting such other and further relief as is appropriate under the circumstances.

## COUNT V
### UNJUST ENRICHMENT AND MONEY HAD AND RECEIVED
### (AGAINST ALL DEFENDANTS OTHER THAN JONES)

64.     Amegy Bank incorporates paragraphs 1 through 33 as though fully set forth herein.

65.     Defendants other than Jones received possession of the Sold Proceeds and the Pledged Proceeds with knowledge, or under circumstances from which they should have had knowledge, that neither of the foregoing belonged to them.

66.     Amegy Bank is entitled to the Sold Proceeds by virtue of its ownership of the Accounts which generated the same.

67.     Amegy Bank is entitled to the Pledged Proceeds by virtue of its security interest in all of B&H's assets pursuant to the PSA.

68.     Defendants' acceptance and retention of the Sold Proceeds and the Pledged Proceeds despite knowledge of Amegy Bank's superior interest in the same and demand therefor, is unjust and inequitable.

69.     Equity requires that the Sold Proceeds and Pledged Proceeds, or their value, be returned or remitted by the Defendants other than Jones to Amegy Bank.

**WHEREFORE**, Amegy Bank National Association respectfully requests that the Court enter an Order:

a. Granting judgment in its favor and against the Defendants other than Jones, jointly and severally, for the value of the Sold Proceeds, together with prejudgment interest thereon, costs of this action, attorneys' fees and post-judgment interest at the legal rate.

b. Granting judgment in its favor and against the Defendants other than Jones for the value of the Pledged Proceeds, together with prejudgment interest thereon, costs of this action and post-judgment interest at the legal rate; and

c. Granting such other and further relief as is appropriate under the circumstances.

## COUNT VI
### ACTION FOR ACCOUNTING
#### (AGAINST ALL DEFENDANTS OTHER THAN JONES)

70.     Amegy Bank incorporates paragraphs 1 through 33 as though fully set forth herein.

71.     Defendants other than Jones have collected Sold Proceeds and Pledged Proceeds in which Defendants have no interest, and which belong to Amegy Bank, or in which Amegy Bank claims a valid, perfected and enforceable security interest.

72.     Defendants should, in equity, be held to account for all Sold Proceeds and Pledged Proceeds received by them.

73.     Determination of the amount owed by the Defendants to Amegy Bank as a result of the Defendants' collection of Sold Proceeds and Pledged Proceeds is necessarily based on facts and records exclusively known and maintained by the Defendants, and therefore an accounting is an appropriate remedy to address their unjust enrichment.

14

**WHEREFORE**, Plaintiff Amegy Bank respectfully requests that the Court enter judgment in its favor and against the Defendants:

a.  Requiring the Defendants other than Jones to account for all proceeds received since January 31, 2015, in any way related to B&H or the MSW Foreclosure Business, including but not limited to Sold Proceeds and Pledged Proceeds;

b.  Entering judgment in favor of Amegy Bank and against all Defendants other than Jones, jointly and severally, in such amount as may be determined owing to Amegy Bank as a result of such accounting; and

c.  Granting such other and further relief as is appropriate under the circumstances.

Dated:  June 29, 2015                    Respectfully Submitted,

                                          /s/ Andrew L. Cole
                                         Andrew L. Cole, Fed. Bar No. 14865
                                         LeClairRyan
                                         180 Admiral Cochrane Drive, Suite 370
                                         Annapolis, Maryland 21401
                                         (410) 224-3000
                                         (410) 224-0098 (Facsimile)
                                         andrew.cole@leclairryan.com

                                         *Attorneys for Amegy Bank National Association*